WAYNE B., Appellant,

v.

ALASKA PSYCHIATRIC INSTITUTE, Appellee.

No. S–12677.

Supreme Court of Alaska.

Aug. 29, 2008.

---

**39.** 149 Pa.Cmwlth. 420, 613 A.2d 159 (1992).

**40.** *Id.* at 161 (citation omitted).

James B. Gottstein, Law Project for Psychiatric Rights, Inc., Anchorage, for Appellant.

Elizabeth Russo, Assistant Attorney General, Talis J. Colberg, Attorney General, Anchorage, for Appellee.

Before: FABE, Chief Justice, MATTHEWS, EASTAUGH, CARPENETI, and WINFREE, Justices.

*OPINION*

MATTHEWS, Justice.

In early 2007 the State petitioned to have Wayne B.[1] involuntarily committed for thirty days, alleging that he was psychotic and unable to meet his basic needs. At the same time the State petitioned for court approval to administer psychotropic drugs to Wayne B. during the term of his commitment. A hearing on both petitions was held before a superior court standing master. On March 1, 2007, the master recommended that the petitions be granted and filed proposed findings and orders. On March 2 the superior court signed the orders proposed by the master.

Wayne B. presents two points on appeal. He contends that (1) the orders were erroneously entered because no transcript of the master's hearing was filed with the superior court as required by Civil Rule 53(d)(1), and (2) the court's finding that he was "gravely disabled" was clearly erroneous.

 Both orders appealed from have expired and this appeal is moot.[2] But we be-

---

1. A pseudonym has been used to protect the privacy of the appellant.

2. *Cf. Wetherhorn v. Alaska Psychiatric Inst.*, 156 P.3d 371, 380–81 (Alaska 2007) (concluding that the substantive appeal was moot because "the thirty-day period for which Wetherhorn was committed ha[d] long since passed").

lieve that Wayne B.'s point regarding the need for a transcript should be decided because it is an important and recurring issue and application of the mootness doctrine would shield it from appellate review.[3]

■ Civil Rule 53(d)(1) provides that a master must prepare a report upon the matter submitted to him and must file the report with the clerk of court. In non-jury cases the master must also file "a transcript of the proceedings and of the evidence."[4] This rule was not complied with in this case. The question is whether this failure was reversible error.

We conclude that it was. We take a strict view of the transcript filing requirement because, as we noted in *Wetherhorn v. Alaska Psychiatric Institute*, involuntary commitment for a mental disorder is a "massive curtailment of liberty."[5] Given the nature of the liberty interest at stake, it was critical that the superior court have full knowledge of the evidence that was said to justify committing Wayne B. to a mental institution.

Rule 53(d)(1) permits a judge in an order of reference to direct that no transcript of master's proceedings be filed. This grant of discretion could suggest that a more forgiving standard should be applied where the transcript requirement is not followed. To be sure, an order of reference waiving a transcript may be made where case-specific facts justify such a waiver. But in involuntary commitments, such as the present, it is difficult to imagine circumstances that would justify such a waiver. We except from this observation cases where a judge intends to listen to a recording of the proceedings.

■ Where no transcript is filed, but a judge actually listens to a recording of the full proceedings conducted by a master, the error in failing to comply with the transcript requirement should be considered cured. The adjudicative responsibilities of a judge can be fulfilled at least as well based on a recording of proceedings as from a transcript.[6] But there is no indication that this occurred in this case.

For the reasons stated we VACATE the March 2, 2007 orders committing Wayne B. and requiring that he submit to the administration of psychotropic drugs. Since the orders have expired, there is no need to remand this case for reconsideration of the underlying petitions.

---

**3.** *See Fairbanks Fire Fighters Ass'n, Local 1324 v. City of Fairbanks*, 48 P.3d 1165, 1168–69 (Alaska 2002) (analyzing the public interest exception to mootness).

**4.** Civil Rule 53(d) provides in relevant part:

(1) *Contents and Filing.* The master shall prepare a report upon the matters submitted to the master by the order of reference and, if required to make findings of fact and conclusions of law, the master shall set them forth in the report. The master shall file the report with the clerk of the court and in an action to be tried without a jury, unless otherwise directed by the order of reference, shall file with it a transcript of the proceedings and of the evidence and the original exhibits. The clerk shall forthwith mail to all parties notice of the filing.

(2) *In Non–Jury Actions.* In an action to be tried without a jury the court shall accept the master's findings unless clearly erroneous.

Within 10 days after being served with notice of the filing of the report any party may serve written objections thereto upon the other parties. Application to the court for an action upon the report and upon objections thereto shall be by motion and upon notice as prescribed in Rule 77. The court may adopt the report or may modify it or may reject it in whole or in part or may receive further evidence or may recommit it with instructions.

**5.** 156 P.3d at 375 (quoting *Humphrey v. Cady*, 405 U.S. 504, 509, 92 S.Ct. 1048, 31 L.Ed.2d 394 (1972)).

**6.** Listening to a recording of proceedings is much more time consuming than reading a transcript; this may explain the rule's preference for a transcript.